UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL G. MILLER                          CIVIL ACTION

VS.                                                                    NO. 2:18-CV-10028

RELIANCE STANDARD LIFE INSURANCE COMPANY

**COMPLAINT**

The Complaint of Michael G. Miller respectfully alleges:

1. This is a claim for long term disability benefits.

2. This Court has jurisdiction and venue under 29 U.SC. Sec. 1001 et. Seq; 29 U.S.C. Sec. 1132(e)(1)(2).

3. **Plaintiff, Michael G. Miller**, of lawful age and a resident of Lake Charles, Louisiana, is a plan participant and beneficiary of an ERISA plan created by his employer, Lake Charles Pilots, Inc. and an insured participant of a group disability policy issued by Reliance Standard Life Insurance Company.

4. **Defendant, Reliance Standard Life Insurance Company ("Reliance Standard")**, is a foreign corporation, doing business in Louisiana. Upon information and belief, Reliance Standard is incorporated in Philadelphia, Pennsylvania, and its principal place of business is in the state of Philadelphia, Pennsylvania. Reliance Standard is therefore a citizen of Pennsylvania.

5. Plaintiff was insured under a group disability plan provided by his employer, Lake Charles Pilots, Inc. The plan provided coverage for short and long term disability benefits insured by Reliance Standard.

6. Reliance Standard issued a group long term disability policy insuring the employees of Lake Charles Pilots, Inc. Plaintiff is a beneficiary and insured under the policy.

7. ERISA mandates that all plan administrators discharge their duties in the interest of plan participants and beneficiaries. <u>29 USC Sec. 1104(a)(1)</u>.

8. Plaintiff filed a claim for disability benefits with the Plan because his medical condition precluded him from continuing to perform the duties of his job on a fulltime basis.

9. Plaintiff is disabled under the terms of the disability policy issued by Reliance Standard.

10. Reliance Standard unlawfully denied Plaintiff benefits he is entitled to under terms of the disability policy.

11. Reliance Standard has asserted a pre-existing condition exclusion that is not applicable to Plaintiff.

12. Plaintiff appealed the denial by letter of November 7, 2017, providing Reliance Standard with evidence demonstrating that the pre-existing condition exclusion does not preclude coverage under his circumstances.

13. Under ERISA, Reliance had 45 days in which to decide the appeal after it was submitted. <u>29 C.F.R. § 2560.503-1</u>.

14. Reliance Standard has failed to render a decision within 45 days as required by ERISA and therefore Plaintiff's administrative remedies are deemed exhausted.

15. The standard of review in this matter is de novo.

16. Reliance Standard's denial of long term disability benefits is based on insubstantial evidence and is arbitrary and an abuse of discretion.

17. Reliance Standard has wrongfully denied Plaintiff long term disability benefits that he is entitled to under terms of the plan.

18. Plaintiff has exhausted his administrative remedies and now files this suit to reverse Reliance Standard's denial of benefits.

19. Reliance Standard has abused its discretion as plan administrator by denying Plaintiff's claim for disability benefits in bad faith.

20. Reliance Standard has abused its discretion by failing to consider Plaintiff's medical condition in relation to the actual duties of his occupation.

21. Reliance Standard administered Plaintiff's claim with an inherent and structural conflict of interest as Reliance Standard is liable to pay benefits from its own assets to Plaintiff, and each payment depletes Reliance Standard's assets.

22. Reliance Standard has failed to give the Plan a uniform construction and interpretation.

23. Reliance Standard has inconsistently interpreted LCP's disability plan terms.

24. Reliance Standard chooses to conduct reviews of denied claims in order to maintain strict control over its risk of loss and to maintain higher profit margins than if a financially independent third party decided the appeals.

25. As a routine business practice, Reliance Standard uses the appeals process to support initial benefit denials rather than to review impartially whether it should reverse appealed denials.

26. Plaintiff has been denied the benefits due to him under the Plan, has suffered, and is continuing to suffer economic loss as a result.

27. Plaintiff is entitled to an award of interest on all money that Defendants should have paid to Plaintiff.

28. Defendants' denial has required Plaintiff to hire attorneys to represent him in this matter to recover benefits due to him under the Plan. Plaintiff is entitled to attorney fees due to Reliance Standard's improper denial of his claim for benefits.

**WHEREFORE**, Plaintiff prays for judgment against each Defendant as follows:

1. For all benefits due Plaintiff in the past and future under the Plan, plus pre- and post-judgment interest;

2. For all reasonable attorney fees;

3. For costs of suit; and

4. For all other relief as the facts and law may provide.

Respectfully submitted,

/s/ Reagan Toledano
Willeford & Toledano
Reagan L. Toledano (La. 29687)
James F. Willeford (La. 13485)
201 St. Charles Avenue, Suite 4208
New Orleans, Louisiana 70170
(504) 582-1286; (f) (313)692-5927
rtoledano@willefordlaw.com