# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHAEL G. MILLER | CIVIL ACTION |
| VERSUS | NO: 18-10028 |
| RELIANCE STANDARD INSURANCE COMPANY | SECTION: T(4) |

## ORDER

Before the Court is a Motion to Supplement the Administrative Record[1] filed by Michael Miller ("Plaintiff"). Reliance Standard Insurance Company ("Defendant") has filed an opposition.[2] For the following reasons, the Motion to Supplement the Administrative Record[3] is **DENIED IN PART** as to the declaration of Max McFatter dated December 18, 2019. The Motion to Supplement the Administrative Record[4] is **GRANTED** in all other respects.

## BACKGROUND

This matter arises out of Plaintiff's claims for long-term disability benefits beginning on August 11, 2016,[5] and is governed by the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* Defendant provided the Court with the administrative record.[6] Both Plaintiff and Defendant have moved for summary judgment and cited to documents that are not included in the administrative record.[7] Plaintiff now moves to supplement the administrative record to include the exhibits attached to Plaintiff's motion.[8] Plaintiff contends that the exhibits contain several relevant

---

[1] R. Doc. 30.
[2] R. Doc. 32.
[3] R. Doc. 30.
[4] R. Doc. 30.
[5] R. Doc. 1.
[6] R. Doc. 15.
[7] R. Docs. 18 and 28.
[8] R. Doc. 30.

1

documents that should not have been excluded from the administrative record and that the exhibits were available to Defendant before the lawsuit was filed.[9]

Defendant does not oppose the Court's consideration of Exhibits A, C, D, and, E.[10] However, Defendant opposes the Court's consideration of Exhibit B. Exhibit B contains a declaration from an insurance agent, Max McFatter, dated December 18, 2019.[11] Defendant contends the declaration should not be considered by the Court because it was prepared long after any claim ended and was not available to Defendant before the lawsuit was filed.

## LAW AND ANALYSIS

The Fifth Circuit has explained that "the administrative record consists of relevant information made available to the administrator prior to the complainant's filing of a lawsuit and in a manner that gives the administrator a fair opportunity to consider it."[12] The Court finds that Max McFatter's declaration was not available to Defendant before the lawsuit was filed, and will, therefore, deny Plaintiff's motion to include the declaration in the administrative record. However, the Court finds that the exhibits attached to Max McFatter's declaration were available to Defendant before the lawsuit was filed. The exhibits attached to Max McFatter's declaration will, therefore, be included in the administrative record.

## CONCLUSION

Accordingly, for the foregoing reasons, **IT IS ORDERED** that Motion to Supplement the Administrative Record is **DENIED IN PART** as to the declaration of Max McFatter dated

---

[9] R. Doc. 30.
[10] R. Doc. 32.
[11] R. Doc. 30-3.
[12] *Vega v. Nat'l Life Ins. Servs., Inc.,* 188 F.3d 287, 300 (5th Cir. 1999), *abrogated in part by Metro. Life Ins. Co. v. Glenn,* 554 U.S. 105, 128 S.Ct. 2343, 171 L.Ed.2d 299 (2008) (*citing Barhan v. Ry-Ron Inc.*, 121 F.3d 198, 201 (5th Cir. 1997)).

December 18, 2019. The Motion to Supplement the Administrative Record is **GRANTED** in all other respects, and the administrative record shall be supplemented to include the documents attached to Plaintiff's motion and labelled AR 1392-1431 and AR 1433-1443.

**New Orleans, Louisiana**, on this 5th day of March, 2020.

                                        **GREG GERARD GUIDRY**
                                        **UNITED STATES DISTRICT JUDGE**