UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL G. MILLER                                              CIVIL ACTION

VERSUS                                                         NO: 18-10028

RELIANCE STANDARD INSURANCE                                    SECTION: T(4)
COMPANY

# ORDER

Before the Court is a Motion for Summary Judgment[1] filed by Michael Miller ("Plaintiff"). Reliance Standard Insurance Company ("Defendant") has filed an opposition and a Cross-Motion for Summary Judgment.[2] For the following reasons, the Cross-Motion for Summary Judgment[3] is **GRANTED** and the Motion for Summary Judgment[4] is **DENIED.**

# BACKGROUND

This matter arises out of Plaintiff's claims for long-term disability benefits beginning on August 11, 2016,[5] and is governed by the Employee Retirement Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* Plaintiff was employed as a riverboat pilot for Lake Charles Pilots, Inc. ("LCP").[6] Plaintiff first stopped working for LCP on July 1, 2015 due to a disability.[7] At that time, Prudential Insurance Company provided short-term and long-term disability coverage to the LCP

---

[1] R. Doc. 18.
[2] R. Doc. 28.
[3] R. Doc. 28.
[4] R. Doc. 18.
[5] R. Doc. 1.
[6] R. Doc. 18-1.
[7] AR 533.

1

employee welfare benefit program. Prudential paid Plaintiff short-term disability benefits.[8] Prudential terminated its policy with LCP on August 31, 2015.[9]

On September 1, 2015, Defendant began providing short-term and long-term disability coverage to the LCP employee welfare benefit program. Plaintiff's doctor released him to return to work without restrictions effective October 23, 2015.[10] Plaintiff was on-call on October 23, 2015 and was scheduled to return to work on November 4, 2015.[11] On October 23, 2015, Plaintiff fell down his stairs causing him to injure his left hand and increasing his knee pain.[12] Due to this injury, Plaintiff did not return to work on November 4, 2015.[13] Plaintiff applied to Defendant for short-term disability benefits,[14] and Defendant approved Plaintiff's short-term disability claim.[15]

Plaintiff also applied to Defendant for long-term disability benefits.[16] On June 7, 2016, Defendant denied the long-term disability claim.[17] Defendant reasoned that Plaintiff would have had to return to "Active Work" between September 1, 2015 and October 23, 2015 to be covered by the policy,[18] and that Plaintiff's "on-call" work did not constitute "Active Work" as defined in the long-term disability policy.[19]

Plaintiff returned to work on July 27, 2016,[20] and became insured under Defendant's policies effective August 1, 2016.[21] On August 10, 2016, Plaintiff stopped working again due to a

---

[8] AR 533-535.
[9] AR 533-535.
[10] AR 1392.
[11] AR 1111.
[12] AR 1111.
[13] AR 1111.
[14] AR 535.
[15] AR 1121.
[16] AR 535.
[17] AR 1393-1396.
[18] AR 1393-1396.
[19] AR 8.
[20] AR 1112, 960.
[21] AR 7, 123.

disability after nearly falling off a Jacob's ladder while attempting to climb onto a ship.[22] Plaintiff sought short-term disability benefits for the August 2016 incident, and Defendant approved Plaintiff's request.[23] At the end of the short-term disability period, Plaintiff initiated a claim for long-term disability benefits.[24] Defendant denied Plaintiff's request for long-term disability benefits because Plaintiff's claimed disability began within twelve months of his effective date, and was, therefore, barred by the long term disability policy's pre-existing conditions limitations.[25]

Plaintiff has now moved for summary judgment contending the undisputed facts show that Plaintiff is entitled to retroactive disability benefits pursuant to the terms of the policy for the August 2016 incident.[26] Defendant has also moved for summary judgment contending the undisputed facts show that Plaintiff was not entitled to disability benefits under the policy.[27]

## **LAW AND ANALYSIS**

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[28] When assessing whether a dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[29] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to

---

[22] AR 260.
[23] AR 1112.
[24] AR 1129-1130.
[25] R. Doc. 28-1, p.5.
[26] R. Doc. 18.
[27] R. Doc. 28.
[28] Fed. R. Civ. P. 56(a).
[29] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).

either support or defeat a motion for summary judgment."[30] In this case, the parties agree there are no disputed material facts but disagree as to how the facts are applied to the language in the long-term disability policy.

ERISA confers jurisdiction on federal courts to review benefit determinations by fiduciaries or plan administrators.[31] If the administrator denies benefits to the participant, ERISA authorizes the beneficiary to bring suit in federal district court "to recover benefits due ... under the term of the plan, to enforce ... rights under the terms of the plan, or to clarify ... rights to future benefits under the terms of the plan."[32] Courts generally review benefit determinations *de novo* unless the benefit plan gives the administrator discretionary authority to determine eligibility for benefits or to construe the terms of the plan.[33] Because the plan administrator failed to render a timely decision after receiving Plaintiff's appeal,[34] the Court will review the benefit determination *de novo* in this case.[35]

### A. Effective Date of Coverage

The parties dispute whether Plaintiff's coverage through Defendant became effective on October 23, 2015 or August 1, 2016, which depends on when Plaintiff was "Actively at Work" within the meaning of the policy. The policy defines the phrases "Actively at Work" and "Active Work" to mean "actually performing on a Full-time basis the material duties pertaining to his/her job in the place where and the manner in which the job is normally performed. This includes approved time off such as vacation, jury duty and funeral leave, but does not include time off as a

---

[30] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[31] 29 U.S.C. § 1132(a)(1)(B).
[32] 29 U.S.C. 1132(a)(1)(B).
[33] *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989); *Conkright v. Frommert*, 559 U.S. 506, 512 (2010)(federal courts review the decisions of ERISA plan administrators under standards derived from principles of trust law insofar as the plan document itself dictates the appropriate level of review).
[34] R. Doc. 18-1, p.7.
[35] *See e.g., Fessenden v. Reliance Standard Life Ins. Co.*, 927 F.3d 998, 1001 (7th Cir.2019).

result of an Injury or Sickness."[36] "'Full-time' means working for you for a minimum of 30 hours during a person's regular work week."[37]

Plaintiff stopped working on June 30, 2015 due to an injury and submitted a disability claim to Prudential. Plaintiff was medically released to return to work on October 23, 2015. However, Plaintiff was injured on October 23, 2015 and, therefore, did not return to work. Although Plaintiff was "on-call," he was not actually called into work and did not work the minimum 30 hours during a regular work week in August 2015. Plaintiff returned to active work on July 27, 2016. Therefore, in accordance with the policy, Plaintiff's coverage became effective on August 1, 2016, the first of the month following the day he became eligible.

### B. Pre-Existing Condition Exclusion

The parties also dispute whether the policy's pre-existing condition exclusion applies to Plaintiff's August 2016 claim for long-term disability benefits. Plaintiff contends the pre-existing condition clause does not apply in his situation because Plaintiff's prior time insured with Prudential must be credited towards the pre-existing condition look-back period under La. R.S. §22:1006.[38] La. R.S. §22:1006 applies to "any health benefit plan" that provides coverage to two or more employees of an employer in Louisiana under certain conditions.[39] "Health benefit plan" includes any medical policy issued for delivery in Louisiana by an insurer or a self-insured plan that provides, on an expense-incurred basis, hospital, surgical, or major medical expense insurance, or any combination of these except specified disease, hospital indemnity or other limited,

---

[36] AR 8.
[37] AR 8.
[38] R. Doc. 18-1, p.14.
[39] La. R.S. §22:1006(A).

supplemental benefit insurance policies.[40] The Court finds Defendant's disability policy does not qualify as a "health benefit plan" under La. R.S. §22:1006.

Plaintiff also contends the pre-existing condition clause does not apply in his situation because he has worked for LCP for many years and is, therefore, entitled to credit toward the pre-existing condition period under the policy.[41] Plaintiff cites the "Transfer of Insurance Coverage Provision," which provides:

> If an employee was covered under the prior group long term disability insurance plan maintained by you prior to this Policy's Effective Date, but was not Actively at Work due to Injury or Sickness on the Effective Date of this Policy and would otherwise qualify as an Eligible Person, coverage will be allowed under the following conditions: (1) The employee must have been insured with the prior carrier on the date of the transfer; and (2) Premiums must be paid; and (3) Total disability must begin on or after the Policy's Effective Date.
>
> If an employee is receiving long term disability benefits, becomes eligible for coverage under another group long term disability insurance plan, or has a period of recurrent disability under the prior group long term disability insurance plan, that employee will not be covered under this Policy. If premiums have been paid on the employee's behalf under this Policy, those premiums will be refunded.
>
> Pre-existing Conditions Limitation Credit
>
> If an employee is an Eligible Person on the Effective Date of this Policy, any time used to satisfy the Pre-existing Conditions Limitation of the prior group long term disability insurance plan will be credited towards the satisfaction of the Pre-existing Conditions Limitation of this Policy.[42]

Defendant contends the Transfer of Insurance Provision does not apply because premiums were not paid for Plaintiff when Defendant began insuring the plan in September 2015. Although Plaintiff points to invoices in the administrative record, the Court finds that these invoices do not show that premiums were paid for Plaintiff when Defendant began insuring the plan. Therefore, the Transfer of Insurance Provision does not apply to Plaintiff's August 2016 claim. Additionally,

---

[40] La. R.S. §22:1006(C).
[41] R. Doc. 18-1, pp.9-10.
[42] AR 11.

6

because the Court has found Plaintiff was not "Actively at Work" until July 2016, Plaintiff was not an Eligible Person on the effective date of the policy.

Because Plaintiff is not entitled to credit toward the pre-existing condition period and the "Transfer of Insurance Provision" does not apply in Plaintiff's case, the Court finds the pre-existing condition exclusion applies to Plaintiff's August 2016 claim for long-term disability benefits.

### C. Plaintiff's Pre-Existing Conditions

The parties also dispute whether Plaintiff suffered from a pre-existing condition precluding Plaintiff from receiving long-term disability benefits for the August 2016 claim. The long-term disability policy's pre-existing condition exclusion contains the following language:

> PRE-EXISTING CONDITIONS: Benefits will not be paid for a Total Disability: (1) caused by; (2) contributed to by; or (3) resulting from; a Pre-existing Condition unless the Insured has been Actively at Work for one (1) full day following the end of twelve (12) consecutive months from the date he/she became an Insured. "Pre-Existing Condition" means any Sickness or Injury for which the Insured received medical Treatment, consultation, care or services, including diagnostic procedures, or took prescribed drugs or medicines, during the three (3) months immediately prior to the Insured's effective date of insurance.[43]

Plaintiff first became insured under Defendant's policy on August 1, 2016. Plaintiff claims he became disabled on August 11, 2016. Because his claimed disability began within 12 months of his effective date of coverage, the pre-existing conditions limitation applies unless he was treatment free from May 1, 2016 through August 1, 2016.

Plaintiff initiated his claim for long-term disability benefits on January 5, 2017.[44] Plaintiff indicated that his reason for leaving was because he was "unable to safely climb 30 ft max pilot ladder on a moving ship as a state pilot."[45] Plaintiff's request does not identify his injury, but one

---

[43] AR 21-22.
[44] AR 1306-1307.
[45] AR 1315.

of Plaintiff's physicians, Dr. Kearns, indicated Plaintiff was disabled due to "bilateral total knee replacement." [46] Another physician, Dr. Foret, diagnosed Plaintiff with "De Quervains tenosynovitis, CMC degenerative joint disease, [and] SLAC or SNAC wrist."[47] Plaintiff received treatment during the look-back period for his knee five times and for his wrist three times.[48] Therefore, Plaintiff's knee and wrist issues were pre-existing conditions under the policy, and Plaintiff is not entitled to long-term disability benefits for his knee and wrist injuries.

Plaintiff acknowledges that he received treatment for injuries to wrists, thumb, and knee between May 1, 2016 and August 1, 2016.[49] Plaintiff contends, however, that he did not receive treatment for back and neck pain during this timeframe. Defendant contends Plaintiff's August 2016 claim did not identify Plaintiff's injury as a back or neck injury. The administrative record does not support that Plaintiff's August 2016 claim included benefits for a back or neck injury. Therefore, Plaintiff is not eligible for benefits under the policy based on the pre-existing conditions limitation.

## CONCLUSION

Accordingly, for the foregoing reasons, **IT IS ORDERED** that the Motion for Summary Judgment[50] filed by Michael Miller is **DENIED,** and the Cross-Motion for Summary Judgment[51] filed by Reliance Standard Insurance Company is **GRANTED.**

**New Orleans, Louisiana**, on this 11th day of March, 2020.

**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**

---

[46] AR 1415.
[47] AR 266.
[48] AR 865-1035.
[49] R. Doc. 18-1, p.8, pp. 16-17.
[50] R. Doc. 18.
[51] R. Doc. 28.