UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL G. MILLER** | **CIVIL ACTION** |
| **VERSUS** | **NO: 18-10028** |
| **RELIANCE STANDARD INSURANCE COMPANY** | **SECTION: T(4)** |

# ORDER

Before the Court is a Motion for Reconsideration/New Trial/and/or to Alter or Amend Judgment Under Rule 59[1] filed by Michael Miller ("Plaintiff") and a second Motion to Supplement the Administrative Record [2] filed by Plaintiff. Reliance Standard Insurance Company ("Defendant") has filed opposition memoranda. [3] For the following reasons, the Motion to Supplement the Administrative Record[4] and the Motion for Reconsideration/New Trial/and/or to Alter or Amend Judgment Under Rule 59[5] are **DENIED.**

# BACKGROUND

This matter arises out of Plaintiff's claims for long-term disability benefits beginning on August 11, 2016,[6] and is governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* On March 12, 2020, the Court issued an order denying Plaintiff's motion for summary judgment and granting Defendant's motion for summary judgment.[7] Plaintiff now moves to supplement the administrative record with evidence Plaintiff contends demonstrates that premiums were paid for Plaintiff's long term disability coverage at the time Defendant began

---

[1] R. Doc. 54.
[2] R. Doc. 56.
[3] R. Docs. 65 and 67.
[4] R. Doc. 56.
[5] R. Doc. 54.
[6] R. Doc. 1.
[7] R. Doc. 52.

1

insuring the LCP, Inc. plan.[8] Plaintiff also moves for reconsideration/new trial/ or to alter or amend the Court's orders and judgment entered on March 6, 2020 and on March 12, 2020.[9]

## **LAW AND ANALYSIS**

The Fifth Circuit has explained that "the administrative record consists of relevant information made available to the administrator prior to the complainant's filing of a lawsuit and in a manner that gives the administrator a fair opportunity to consider it."[10] The Court finds that Plaintiff has failed to establish that the exhibits attached to Plaintiff's motion to supplement were available to the Defendant before the lawsuit was filed on October 26, 2018. Therefore, the Court will deny Plaintiff's second motion to supplement the administrative record.

A motion under Federal Rule of Civil Procedure 59(e) "calls into question the correctness of a judgment."[11] The Fifth Circuit Court has held that such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment.[12] Rather, Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[13] Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.[14] "Under Rule 59(e), amending a judgment is appropriate (1) where there has been an intervening change in the

---

[8] R. Doc. 56.
[9] R. Doc. 54.
[10] *Vega v. Nat'l Life Ins. Servs., Inc.,* 188 F.3d 287, 300 (5th Cir. 1999), *abrogated in part by Metro. Life Ins. Co. v. Glenn,* 554 U.S. 105, 128 S.Ct. 2343, 171 L.Ed.2d 299 (2008) (*citing Barhan v. Ry-Ron Inc.*, 121 F.3d 198, 201 (5th Cir. 1997)).
[11] *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir.2002).
[12] *Simon v. United States,* 891 F.2d 1154, 1159 (5th Cir.1990).
[13] *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir.1989) (internal quotations omitted).
[14] *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir.2004) (internal citations omitted).

controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact."[15]

The Court finds Plaintiff fails to establish that there has been an intervening change in the controlling law, fails to provide any newly discovered evidence that was previously unavailable, and fails to point to a manifest error of law or fact. Plaintiff's motion to reconsider rehashes the legal theories and arguments offered in Plaintiff's motion for summary judgment and available to Plaintiff before entry of the order. Plaintiff, again, asserts that premiums were paid for Plaintiff when Defendant began insuring the plan. Because Plaintiff has failed to clearly establish either a manifest error of law or fact and has failed to present newly discovered evidence, Plaintiff has failed to establish grounds to support reconsideration of the Court's order on Plaintiff's motion for summary judgment.

## CONCLUSION

Accordingly, for the foregoing reasons, **IT IS ORDERED** that the Motion to Supplement the Administrative Record and the Motion for Reconsideration/New Trial/and/or to Alter or Amend Judgment Under Rule 59 are **DENIED.**

**New Orleans, Louisiana**, on this 12th day of June, 2020.

**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**

---

[15] *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012).